JOHNSON, Chief Judge.
This is an interlocutory appeal from an order denying the appellant-plaintiff’s motion to dismiss appellee-defendant’s counterclaim and motion to strike certain paragraphs of the counterclaim.
Original action was filed in the Small Claims Court of Duval County, by the appellant herein, who was and is the beneficiary under a life insurance policy issued by the appellee herein upon the life of the deceased husband of the appellant. This action was predicated upon a claim for $200.00 as being the amount then due the plaintiff below under the provisions of insurance policy in question. Said policy, inter alia, provided for “family income benefit” of $200.00 monthly to the beneficiary. In the rider attached to said policy, which provides for the $200.00 monthly family benefit, the same being a printed form with certain blanks left to be filled in by the insurance company, presumably, it appears that between the printed fourth and fifth lines thereof, there is a blank line left for the ostensible purpose of having a date filled in which would be the “expiry date.” This blank was not filled in. This rider provided that the $200 per month payment would be made from the first day of the policy month following death of the insured and like payments on each succeeding corresponding date of each month thereafter. The last monthly payment was to be made on the “expiry date”. A final payment of $10,-000 was to be made on the “expiry date”, but this phase of the policy is not under consideration in this case, except as it might become material later when the lower court determines what is the “expiry date”.
The appellee filed in the Small Claims Court its counterclaim and motion to transfer to circuit court. The motion to transfer was granted and the cause transferred to the Duval Circuit Court. The counterclaim was lodged in two-counts. The first count alleges the issuance of the policy in *775 question and asserts what the defendant’s intentions and meanings were by the wording of the policy. Also, it is alleged that the failure to fill in the “expiry date” in the “family income benefit” rider was the result of mutual mistake of the defendant and the insured and was the result of a clerical error or mistake of defendant’s clerks. Attached to the counterclaim and properly referred to are work sheets of the defendant which it claims are sufficient to show the intent of the parties as to the “expiry date”.
The defendant contends, and so alleges that from the policy and the application and work sheets, it is clear that the expiry date is 1977, and that said defendant .is willing to pay the plaintiff the $200 per month, if she admits to the 1977 expiry date. Based upon this set of allegations, the defendant, counterclaimant, prayed the court to adjudicate the rights of the parties and to fix the expiry date as February 12, 1977; that the plaintiff be enjoined from instituting any further action against the defendant pending determination of the rights of the parties under the policy and for costs.
Count two of the counterclaim alleges that this action is brought under the provisions of Chapter 86 of Florida Statutes, F.S.A., and praying for practically the same things as to count one. Attached to said counterclaim are certain exhibits purporting to be work sheets used by the defendant in working up the insurance policy in question, including what purports to be an application for insurance signed by the deceased. From a study of these exhibits by us, there appears to be some ambiguity and conflict, which matters should be dealt with by the lower court.
The plaintiff’s motion to dismiss contains 18 grounds therefor. Among the grounds alleged is one challenging the right of the defendant to bring this action under the provisions of Chapter 86, Laws of Florida. Without passing upon the merit or demerit of the other grounds of the motion to dismiss, we feel and so hold, that the relief prayed for in the counterclaim, regardless of what the defendant attempts to label it, is a prayer for reformation of a contract, which definitely is not within the purview of F.S. Chapter 86, F.S.A. Therefore it was error for the court not to grant the plaintiff’s motion to dismiss the counterclaim as worded.
This matter should be reversed and remanded to the lower court with directions to enter its order granting the plaintiff’s motion to dismiss, but allowing the defendant to properly answer the complaint and if it deems necessary either by cross-claim or otherwise bring a proper action for reformation upon which issue may be properly drawn.
The question of the denial of the motion to strike becomes moot in view of our decision to reverse and remand and therefore no action is taken by us thereon.
The defendant does not appear to be justified in withholding the monthly payments pending the outcome of this case, and should therefore be directed by the lower court to make all payments accrued and to continue the same pending further order of that court.
The defendant should be required to pay the accrued costs of this proceeding to date.
The appellee is directed to pay to the appellant’s attorney an attorney fee of $1,000.00 for his services in this appeal.
Reversed and remanded for further proceedings.
RAWLS and SPECTOR, JJ., concur.